TUNNELTON BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11433. Promulgated May 28, 1928.

*Louis F. Tanner, C. P. A.*, and *J. V. Gibson, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, and *E. C. Algire, Esq.*, for the respondent.

189

OPINION.

SMITH: The question presented for our determination is whether certain notes were deductible as uncollectible in the year 1920. It is the contention of the respondent that they were ascertained to be worthless prior to 1920 and accordingly not a legal deduction from gross income of 1920.

Although a taxpayer may not deduct from gross income of the taxable year debts that must be presumed to have been ascertained to be worthless in a prior year, *Thomas J. Avery* v. *Commissioner*, 22 Fed. (2d) 6, it does not follow that he may not deduct from gross income debts ascertained to be worthless during the taxable year where there was some ground for a reasonable expectation that they would be paid up to a point of time during the taxable year. In *George II. Fraser*, 6 B. T. A. 997, we said:

> While the debt is to be deducted in the year in which the taxpayer ascertains its worthlessness, and some discretion must be given him to act within sound business judgment, it is our opinion that the information in his possession in 1919 was insufficient upon which to ascertain either worth or worthlessness. In 1920, however, petitioner learned that Von Greuber's plant had been sold under foreclosure, that his property had been taken to pay his debts, and that he was earning a precarious living in engineering. This constituted sufficient information of the situation of his debtor upon which to act. We have accordingly reached the conclusion that it was in 1920 that the debt was ascertained to be worthless.

The record of this action shows that the petitioner had a reasonable expectation of the collection of the Grafton Bank paper until some time in 1920. McGraw felt morally bound to make the petitioner whole in respect of this paper. He had agreed to do so. The petitioner had relied upon his promise. In 1919 he had entered into a written agreement to make good his promise provided a deal went through which he had expected would be consummated. His death in 1920 frustrated this plan. In the circumstances, we are of the opinion that the petitioner is entitled to deduct from gross income of 1920 the $23,720.30 in question as debts ascertained to be worthless and charged off during the year.

*Judgment will be entered under Rule 50.*